No. 85–111.  MICHIGAN v. LITTLE.  Ct. App. Mich.  Certiorari denied.

CHIEF JUSTICE BURGER, with whom JUSTICE BLACKMUN and JUSTICE REHNQUIST join, dissenting.

In this case, an informant told police that he had made a purchase of narcotics from one James Johnson at Johnson's home. Based on this information, police secured search warrants for Johnson and for his home.  Before executing the warrants, one of the police officers purchased heroin from Johnson in Johnson's backyard.  Shortly thereafter, police went to the house, announced their authority, presence, and purpose, and entered. They arrested Johnson and seized packets of heroin he had tried to throw away.  Officer Allen then noticed respondent in an adjacent room.  Allen made a "patdown" prophylactic search for

weapons. He testified that he felt what seemed "to be a coin envelope or narcotics paraphernalia" in respondent's pocket. Allen removed the envelope and discovered heroin inside. The trial court granted respondent's motion to suppress the evidence, and the Michigan Court of Appeals affirmed, relying on *Ybarra* v. *Illinois*, 444 U. S. 85 (1979).

*Ybarra* in no sense controls this case. In *Ybarra*, police obtained a warrant authorizing the search of a *public bar* and of the bartender. Police entered the bar and immediately searched nearly a dozen patrons, including Ybarra, for weapons. The initial search of Ybarra revealed no weapons. Police returned several minutes later, searched Ybarra again, and found a small packet of heroin. The Court's holding in *Ybarra* that the second search violated Ybarra's Fourth Amendment rights was based on the presence of Ybarra in a *public place* under circumstances which, in the view of the Court, did not legitimately focus suspicion on Ybarra. *Id.*, at 91.

Here, however, respondent Little was not a member of the public present in a public place. He and Johnson were the only two people present in a dwelling that a Magistrate had determined was probably a center of illicit drug activity. Upon entering Johnson's home, the police discovered packets of heroin which Johnson had attempted to dispose of, indicating that illicit drug activity had occurred as recently as moments before their entry. Evidence of such activity could have been placed on the person of someone in the premises as easily as it could have been hidden in a dresser drawer. Under the circumstances, the police reasonably concluded that the nexus between respondent Little and the illicit drug activity was sufficiently close to give them probable cause to conduct a cursory search of respondent's person as part of their search of Johnson's home pursuant to a valid search warrant.

The Michigan Court of Appeals concluded that the search became unreasonable as soon as Officer Allen discovered that respondent was unarmed; Allen's determination coincided, however, with his discovery of what he reasonably suspected was narcotics paraphernalia. At that point, Officer Allen could confirm or dispel that suspicion by removing the object, only marginally increasing the intrusiveness of the search. Under these circumstances, the justification for the search outweighed the invasion that the

search entailed. The Michigan Court of Appeals misconstrued *Ybarra*, and its decision represents an unwarranted expansion of our holding in that case. This is the kind of result that undermines public confidence in the administration of justice. I would grant certiorari to give plenary consideration to this case.